**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3327-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLOS FLAMES,

    Defendant-Appellant.

_____

Submitted May 2, 2018 — Decided July 12, 2018

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Indictment No.
10-06-1108.

Joseph E. Krakora, Public Defender, attorney
for appellant (Jack L. Weinberg, Designated
Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor,
attorney for respondent (Ian C. Kennedy,
Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant Carlos Flames appeals from the order of the Criminal

Part denying his post-conviction relief (PCR) petition. We affirm.

On October 12, 2010, defendant entered into a negotiated agreement with the State through which he pled guilty to third degree distribution of marijuana, in a quantity of one ounce or more, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(11). At the plea hearing, the judge asked defendant the following questions:

> Q. All right, Mr. Flames, are you a U.S. citizens?
>
> A. Yes, ma'am.
>
> Q. Those plea forms that you have before [you], there are some initials at the bottom. Who wrote those initials?
>
> A. I did, ma'am.
>
> Q. What about the last page? There's two pages with signatures on them. Whose signatures are those?
>
> A. That's my signature, ma'am.
>
> Q. Did you sign these plea forms and initial them after going through each and every question with your attorney?
>
> A. Yes, Your Honor.
>
> Q. Do you have any questions you want to ask him?
>
> A. No, Your Honor.
>
> Q. Are you satisfied with his services?
>
> A. Yes, Your Honor.

The standard Plea Form referred to by the judge in the plea hearing contained a total of twenty-five questions. Question 17a

2

asked defendant: "Are you a citizen of the United States?" The Form provided a two-option response: "[Yes]" or "[No]." Defendant circled "[Yes]." At the plea hearing, defendant provided a factual basis for his guilty plea in which he admitted that on January 5, 2010, he sold an ounce or more of marijuana to an undercover detective.

On January 7, 2011, defendant appeared before a different judge for sentencing. The Adult Presentence Investigation Report prepared by the vicinage's Probation Department pursuant to Rule 3:21-2(a), identified defendant's place of birth as North Bergen, New Jersey. At the sentencing hearing, the judge asked defense counsel: "All right. So, any changes in the presentence report there, counsel?" Defense counsel responded: "No, Your Honor. The presentence report has been reviewed by myself and my client and is accurate." The judge sentenced defendant to a three-year term of probation. The judge signed the Judgment of Conviction (JOC) on January 11, 2011. Defendant did not appeal.

On January 25, 2013, defendant appeared before another judge in response to the charge of violating the terms of probation by failing to report to his probation officer and being charged and arrested for a new indictable offense. The judge found, by a preponderance of the evidence, that defendant had violated the

terms of his probation. The judge terminated defendant's probation as "unimproved."

On January 16, 2016, defendant filed a pro se PCR petition alleging ineffective assistance of trial counsel based on the following facts:

> Counsel misinformed me about the consequences of my plea agreement pertaining to the effect of immigration policies on my alien status. I was cajoled into accepting a plea agreement without being informed of the pros and cons of trial. Counsel failed to investigate my case and did not go over my discovery or explain my legal options fully. Counsel failed to file pre-trial motions. Excusable Neglect: Petitioner is filing the petition five (5) years beyond the time prescribed by this rule.

By order dated February 3, 2016, the Criminal Part assigned counsel to represent defendant in the presentation of the PCR petition. PCR counsel filed a brief and submitted a certification from defendant in which he again alleged his trial attorney had been ineffective by failing to apprise him of the immigration consequences of his guilty plea. In this undated certification, defendant stated that he had a "pending case in Elizabeth wherein the State of New Jersey is seeking to deport me."

On March 8, 2017, defendant's PCR petition came for oral argument before Judge Christopher R. Kazlau. After considering the arguments of counsel, Judge Kazlau found defendant's petition

was procedurally barred as untimely under Rule 3:22-12(a)(1) because: (1) it was filed on January 16, 2016, more than 5 years after the trial court entered the JOC on January 11, 2011; and (2) defendant did not provide any grounds for relaxing the five-year restriction. Independent of this procedural bar, Judge Kazlau also found defendant's claim of ineffective assistance of trial counsel based on his immigration status was without merit because the record shows defendant consistently misrepresented his immigration status to the court at both the plea and sentencing hearings.

Defendant now appeals raising the following arguments.

> POINT I
> THE MOTION COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING. THE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL. THE FILING OF THE PETITION FIVE DAYS OUT OF TIME SHOULD NOT BAR THE DEFENDANT CONSIDERATION OF HIS PETITION ON THE MERITS.
>
> A. The Defendant was Entitled to an Evidentiary Hearing.
>
> B. The Petition Should Not Be Time-Barred by R. 3:22-12.
>
> POINT II
> THE COURT ERRED WHEN IT DENIED THE DEFENDANT AN EVIDENTIARY HEARING ON THE CLAIM THAT THE DEFENDANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED. ENFORCEMENT OF THE PLEA IS FUNDAMENTALLY UNFAIR. (Partially raised below)

We reject these arguments and affirm substantially for the reasons expressed by Judge Kazlau in his oral opinion delivered from the bench on March 8, 2017. We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[T]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994))

The record shows defendant intentionally and unequivocally misrepresented his immigration status to the trial court as well as the probation officer who prepared the presentence report. The certification defendant submitted in support of his PCR petition

A-3327-16T4

does not provide any explanation for this material misrepresentation of his immigration status. Defendant cannot now claim he received ineffective legal representation based on his failure to disclose his immigration stats to both his attorney and the court. With respect to the timeliness of defendant's PCR petition, the record shows defendant "signed" the pro se petition on Saturday, January 16, 2016.

Rule 1:3-1 provides, in pertinent part:

> In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday.
>
> [Ibid. (emphasis added).]

The appellate record does not include a "filed" stamped copy of the petition. Assuming the petition was received by the court on Monday, January 18, 2016, the petition was filed five years and seven days after the court signed the JOC on January 11, 2011, rendering it untimely under Rule 3:22-12(a)(1). We also agree with Judge Kazlau that defendant did not present any grounds to relax the time restrictions under the Rule.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3327-16T4